THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| George Napoleon Moses, #103370, a/k/a George N. Moses, ) ) ) | Civil Action No.: 4:14-cv-2894-RBH |
| Petitioner, ) ) | |
| v. ) ) | **ORDER** |
| Warden Joseph McFadden, ) ) | |
| Respondent. ) ) | |

Petitioner George Napoleon Moses, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 21, 2014. *See* Pet., ECF No. 1. Petitioner is currently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. *See id.* at 1. On October 17, 2014, Respondent filed a motion for summary judgment and a return and memorandum in support. *See* ECF Nos. 8–9. Petitioner timely filed a response in opposition to Respondent's motion for summary judgment. *See* Pet.'s Resp., ECF No. 12. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, III, filed January 23, 2015.[1] *See* R & R, ECF No. 14. The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment and dismiss the petition without an evidentiary hearing. *See id.* at 23. Petitioner timely filed objections to the R & R. *See* Pet.'s Objections, ECF No. 30.

For the reasons stated below, this Court adopts the Magistrate Judge's R & R and grants Respondent's motion.

## BACKGROUND

The Magistrate Judge thoroughly discussed the procedural background of this case in his R &

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

R with citations to the record. *See* R & R, ECF No. 14 at 2–7. Respondent did not file any objections to the R & R, and Petitioner does not dispute the procedural history within his objections to the R & R. Accordingly, finding no clear error, the Court adopts the procedural history as set forth in the R & R.

In his petition, Petitioner raised two grounds for relief. *See* Pet., ECF No. 1 at 5, 7. Respondent agreed that Petitioner properly exhausted his state remedies for both grounds as required by 28 U.S.C. § 2254(b)(1)(A), and that both grounds were ripe for determination in federal court. *See* ECF No. 9 at 7–8. The two grounds and supporting facts on which Petitioner asserts he is entitled to a writ of habeas corpus are as follows:

> **Ground One:    Violation of Petitione[r's] Fifth, Sixth and Fourteenth Ame[ndment rights:]** Petitioner was denied his right to counsel when the police, after Petitioner invoked his right to counsel, initiated contact with him the next day and continued to interrogate him, resulting in a statement that the state then introduced and used against him during its case-in-chief.
>
> **Ground Two:    Violation of Petitioner[']s Sixth Amendment rights[:]** Trial counsel was ineffective for not obtaining the victim[']s medical records, (failure to investigate), and for failing to obtain an[] independent expert to review those medical records in conjunction with the autopsy report which indicated that the victim had a preexisting heart problem and cocaine in his system.

*See* Pet., ECF No. 1 at 5, 7 (emphases added). The Magistrate Judge quoted the two grounds and supporting facts in his R & R. *See* R & R, ECF No. 14 at 7–8.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The Magistrate

Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court must make a *de novo* determination of those portions of the R & R to which specific objection is made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Furthermore, in the absence of specific objections to the R & R, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### DISCUSSION

**I.     Habeas Standard**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

3

>     determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## II.     The R & R and Petitioner's Objections

### A.     Ground One

Petitioner alleged in his petition that his Fifth and Sixth Amendment rights were violated when law enforcement continued to interrogate him after he requested counsel, resulting in a statement used against him at trial. *See* Pet., ECF No. 1 at 5. The Magistrate Judge ruled Petitioner's Sixth Amendment argument was procedurally barred because Petitioner made no Sixth Amendment challenge at trial, and neither the trial court nor the South Carolina Court of Appeals ruled upon a Sixth Amendment argument. *See* R & R, ECF No. 14 at 13. However, regarding Petitioner's Fifth Amendment argument, the Magistrate Judge found it was not procedurally barred because Petitioner

raised a Fifth Amendment challenge at trial, the trial court ruled upon it, and the Court of Appeals affirmed the issue on appeal. *See id.* The Magistrate Judge addressed the merits of the Fifth Amendment argument and found Petitioner failed to show the state court's decision was contrary to, or an unreasonable application of, clearly established federal law. *See id.* at 18. Specifically, the Magistrate Judge found the state court record showed Petitioner gave his statements freely, voluntarily, knowingly, and intelligently after signing a waiver of rights form and receiving *Miranda*[2] warnings. *See id.* at 17. Therefore, the Magistrate Judge found Ground One lacked merit and recommended the Court grant Respondent's motion for summary judgment as to Ground One. *See id.* at 18–19. Petitioner objects to the Magistrate Judge's conclusion that Petitioner made his statements freely and voluntarily. *See* Objection, ECF No. 30 at 1-3.

At the outset, the Court agrees with the Magistrate Judge's finding that Petitioner's Sixth Amendment arguments are procedurally barred from habeas review because Petitioner did not present a Sixth Amendment challenge in state court. *See* R & R, ECF No. 14 at 13. Accordingly, the Court finds that to the extent Petitioner's objections implicate the Sixth Amendment, these objections are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

Regarding the merits, the Court agrees with the Magistrate Judge's finding that Petitioner made a valid waiver of his *Miranda* rights before making his statements to law enforcement. *See* R & R, ECF

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 14 at 18.  As the Magistrate Judge recognized, the state court's findings of fact regarding waiver are entitled to deference by this court.  *See id.* at 16; *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We also accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1))).  The state court record, as thoroughly summarized in the R & R, shows Petitioner waived his *Miranda* rights after being advised of them.  *See* ECF No. 9-1 at 14–17, 28–31; R & R, ECF No. 14 at 11–12, 17–18.  This Court has carefully reviewed Petitioner's objections and conducted a *de novo* review of the facts and law concerning Ground One.  The Court finds the Magistrate Judge's disposition of Ground One is correct and that Petitioner has not shown the state courts' determination of this claim was contrary to or an unreasonable application of federal law, or involved an unreasonable determination of the facts.  Accordingly, the Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation as to Ground One.

### B.     Ground Two

In his petition, Petitioner alleged trial counsel was ineffective for (1) failing to obtain the victim's medical records and (2) failing to have an independent expert review the victim's medical records.  *See* Pet., ECF No. 1 at 7.  Petitioner raised both claims in his state post-conviction relief (PCR) application, and the state court rejected them.  *See* ECF No. 9-4 at 106; ECF No. 9-5 at 698–99. The Magistrate Judge addressed the two claims of ineffective assistance of counsel on the merits and recommended this Court grant Respondent's motion for summary judgment as to Ground Two.  *See* R & R, ECF No. 14 at 19–23.  Petitioner argues in his objections to the R & R that his ineffective assistance claims are "completely supported by the record and not mere speculation."  *See* Pet.'s Objections, ECF No. 30 at 18.

Claims of ineffective assistance of trial counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must first show trial counsel's performance was deficient or fell below an objective standard of reasonableness. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688. In cases brought under § 2254, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly. Rather, . . . § 2254(d)(1) requires a habeas petitioner to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004) (internal quotation marks and citations omitted).

Here, the Magistrate Judge afforded the required deference to the state court's factual findings and adjudication of the ineffective assistance claims, and he concluded Petitioner failed to present evidence showing the state court's rejection of the PCR claims was unreasonable. *See* R & R, ECF No. 14 at 22–23. Having conducted an independent review of the record, this Court reaches the same conclusion as the Magistrate Judge—that the state court's rejection of Petitioner's claims of ineffective assistance of counsel regarding the alleged failure to obtain the victim's medical records and failure to retain an expert was not contrary to or unreasonable under the *Strickland* standard. Accordingly, the Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation as to Ground Two.

## CONCLUSION

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. The Court has conducted a *de novo* review of the

7

portions of the R & R to which Petitioner specifically objects, and it finds no merit in Petitioner's objections. For the reasons stated in this Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 14]. Respondent's motion for summary judgment [ECF No. 8] is **GRANTED** and the petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
June 24, 2015